| | | |
|---|---|---|
| TAD & ELIZABETH STERN | : | Civil Action No. 15 960 |
| | : | |
| vs. | : | |
| | : | |
| AAA MID-ATLANTIC INSURANCE | : | |
| COMPANY | : | |
| and | : | |
| CHUB THATCH | : | |

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of the

Motion to Dismiss of Defendant, AAA Mid-Atlantic Insurance Company of New Jersey, and any

response thereto, it is hereby ORDERED and DECREED that Plaintiffs' Complaint is DISMISSED

WITH PREJUDICE.

BY THE COURT:

_____
                                          J.

1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAD & ELIZABETH STERN | : | Civil Action No. 15 960 |
| | : | |
| vs. | : | |
| | : | |
| AAA MID-ATLANTIC INSURANCE | : | |
| COMPANY | : | |
| and | : | |
| CHUB THATCH | : | |

**MOTION TO DISMISS OF**
**DEFENDANT, AAA MID-ATLANTIC INSURANCE COMPANY OF NEW JERSEY**
**(INCORRECTLY NAMED AAA MID-ATLANTIC INSURANCE COMPANY)**

Defendant, AAA Mid-Atlantic Insurance Company of New Jersey (incorrectly named AAA Mid-Atlantic Insurance Company) ("Moving Defendant"), by and through its attorneys, Andrew Moore & Associates, LLC, hereby submits the following Motion to Dismiss, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of Civil Procedure, and in support thereof avers as follows:

1.      On or about February 25, 2015, Plaintiffs, Tad Stern and Elizabeth Stern, filed the above-captioned civil action in the Eastern District of Pennsylvania. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

2.      In their Complaint, Plaintiffs aver that they are citizens of the State of New Jersey, residing at 24 S. Oakland Avenue, Ventnor, New Jersey. See, Exhibit A, ¶ 1.

3.      Plaintiffs aver that Moving Defendant is a Pennsylvania Domestic Pennsylvania Insurance Business Corporation with its offices at 2040 Market Street, Philadelphia, Pennsylvania. See, Exhibit A, ¶ 2.

4.      Plaintiffs aver that Defendant, Chub Thach, is a citizen of the Commonwealth of Pennsylvania, residing at 5801 N. 6th Street, Philadelphia. See, Exhibit A, ¶ 3.

5.     Plaintiffs are claiming damages for alleged breach of contract regarding underinsured motorist (UIM) benefits. See, Exhibit A, ¶ 18.

6.     Plaintiffs are claiming damages for alleged bad faith. See, Exhibit A, ¶ 19.

**Motion to Dismiss for Lack of Subject Matter Jurisdiction**

7.     Moving Defendant incorporates paragraphs 1 through 6, above, by reference.

8.     Plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction).

9.     Plaintiffs did not attach a copy of their insurance policy to their Complaint.

10.    Plaintiffs' insurer, incorrectly named AAA Mid-Atlantic Insurance Company, is AAA Mid-Atlantic Insurance Company of New Jersey. A true and correct copy of Plaintiffs' applicable insurance policy (the "Policy") is attached hereto as Exhibit "B."

11.    AAA Mid-Atlantic Insurance Company of New Jersey is a corporation incorporated in New Jersey with a principal place of business of 1 River Place, Wilimington, Delaware, which is a matter of public record. See, Exhibit B and the corporation search which is attached as Exhibit "C."

12.    A corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

13.    In this case, AAA Mid-Atlantic Insurance Company of New Jersey, for purposes of diversity jurisdiction, is a citizen of New Jersey and Delaware.

14.    Plaintiffs are citizens of New Jersey.

15.    The diversity statute requires complete diversity as to all parties and 'the policy of the statute calls for its strict construction.' Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703 (1934).

16.     Under 28 U.S.C. § 1332(c), a corporation is deemed a citizen of the state of its incorporation and of its principal place of business. Wymard v. McCloskey & Co., 342 F.2d 495 (3d Cir.), cert. denied, 382 U.S. 823, 86 S.Ct. 52 (1965), and see Boysen v. Treadway Inn of Lake Harmony, Inc., 53 F.R.D. 96 (E.D.Pa.1971), aff'd, 463 F.2d 247 (3d Cir. 1972).

17.     Because Plaintiffs are citizens of New Jersey, and Defendant, AAA Mid-Atlantic Insurance Company of New Jersey is a citizen of New Jersey, there is not complete diversity among the parties to this action.

18.     Because there is not complete diversity of citizenship between the parties, this Honorable Court does not have subject matter jurisdiction.

19.     Lack of subject-matter jurisdiction is grounds for dismissal of an action, pursuant to Rule 12(b)(1).

20.     Because there is no diversity of citizenship, and therefore, no subject matter jurisdiction, this Honorable Court must dismiss Plaintiffs' Complaint with prejudice.

WHEREFORE, Defendant, AAA Mid-Atlantic Insurance Company of New Jersey (incorrectly named AAA Mid-Atlantic Insurance Company), respectfully requests this Honorable Court to enter an Order in the form attached dismissing Plaintiffs' complaint with prejudice.

**Motion to Dismiss For Failure to State a Claim Upon Which Relief Can be Granted**

21.     Moving Defendant incorporates paragraphs 1 through 20, above, by reference.

22.     Plaintiffs have failed to state a cause of action for breach of contract or bad faith, and their Complaint should be dismissed pursuant to Rule 12(b)(6) as well.

23.     A motion to dismiss pursuant to Rule 12(b)(6) requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102 (1957).

24.     Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir.2007).

25.     Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."

26.     Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007).

27.     In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d. Cir.2009), citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d. Cir.2008).

28.     "Conclusory" or "bare-bones allegations" will not survive a motion to dismiss. Id.

29.     "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the requirement that a complaint has a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

30.     To survive a Rule 12(b)(6) motion, the complaint must provide enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id.

31.     In order to determine if a complaint provides enough facts to survive a motion to dismiss, the court is required to conduct a two-part analysis.

32.    First the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted. Id. Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. Id. at 210-211.

33.    Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

34.    Plaintiffs are making claims for breach of contract and bad faith.

35.    Plaintiffs have not cited the bad faith statute under which they are making a claim.

36.    Plaintiffs presumably are making a claim for bad faith under Pennsylvania's bad faith statute, 42 Pa.C.S. § 8371, as they have alleged, wrongly, that Moving Defendant is a Pennsylvania corporation with a principal place of business in Pennsylvania.

37.    To establish a claim of bad faith in Pennsylvania, a plaintiff must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis. Atiyeh v. National Fire Ins. Co. of Hartford, 742 F.Supp.2d 591, 598 (E.D.Pa. 2010).

38.    In the instant matter, the only factual averments in Plaintiffs' complaint are paragraphs 1, 2, 3, 4, 7, 8, 9, 14, 15, and portions of paragraphs 12[1] and 13[2].

39.    Paragraphs 5, 6, 10, 11, 16, 18, 19, 20 and portions of paragraphs 12[3] and 13[4], consist exclusively of legal conclusions and cannot be considered in determining whether plaintiffs

---

[1] The portion of paragraph 12 that constitutes a factual averment is: "Defendant AAA provided underinsured coverage for any accident occurring during the policy term." The remainder of that paragraph is a legal conclusion.
[2] The portion of paragraph 13 that constitutes a factual averment is: "claims under the underinsured provision were submitted to arbitration before a panel of three, and the matter was tried on January 30, 2015." The remainder of that paragraph is a legal conclusion.
[3] The portion of paragraph 12 that constitutes a legal conclusion is: "[Defendant AAA] is contractually responsible under said provisions to cover any losses in excess of the coverage limits of the primary carrier which insured Defendant-Driver."
[4] The portion of paragraph 13 that constitutes a legal conclusion is: "pursuant to the policy."

have satisfied the pleading requirements set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937 (2009) and its progeny.

40.     The only factual averments in the complaint, therefore are: (1) plaintiffs' identity and citizenship; (2) Moving Defendant's identify and citizenship[5]; (3) Defendant, Thach's identity and citizenship; (4) that Moving Defendant insured Plaintiffs' vehicle; (5) the general facts of the motor vehicle accident giving rise to Plaintiffs' claims against Defendant, Thach, and their underinsured motorist claim with Moving Defendant; (6) that Plaintiffs instituted suit against Defendant, Thach; (7) that the original suit against Defendant, Thach was settled; (8) that Moving Defendant provided Plaintiffs with underinsured motorist coverage for any accident occurring during the policy term; (9) that plaintiffs' claims under the underinsured provisions of the policy were submitted to arbitration on January 30, 2015; (10) the arbitration award was in favor of the Plaintiffs within the limits of their policy; and (11) Moving Defendant, pursuant to, and in accordance with, the terms of the policy, rejected the arbitration award and demanded a jury trial.

41.     Bare allegations that a defendant (1) unreasonably refused to indemnify plaintiff for his loss; (2) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis constitute merely conclusory legal statements and are not factual averments.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d. Cir.2009).

42.     The factual averments contained within Plaintiffs' complaint fail to sufficiently allege a breach of contract or bad faith on the part of Moving Defendant.

---

[5] As noted above, Moving Defendant's correct name is AAA Mid-Atlantic Insurance Company of New Jersey and is incorporated in New Jersey with a principal place of business in Delaware.

43.    In fact, Plaintiffs' complaint concedes that Moving Defendant appealed the arbitration award pursuant to, and in accordance with, the terms of the insurance policy at issue. See, Exhibit A, ¶¶ 15 and 16.

44.    Plaintiffs have not alleged facts demonstrating that Moving Defendant (1) breached its contract with the Plaintiffs, (2) that Moving Defendant lacked a reasonable basis for denying benefits, or (3) Moving Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits.

45.    Plaintiffs' Complaint does not allege facts sufficient to state a claim upon which relief can be granted and should, therefore, be dismissed.

WHEREFORE, Defendant, AAA Mid-Atlantic Insurance Company of New Jersey (incorrectly named AAA Mid-Atlantic Insurance Company), respectfully requests this Honorable Court to enter an Order in the form attached dismissing Plaintiffs' complaint with prejudice.

Respectfully submitted,

**ANDREW MOORE & ASSOCIATES, LLC**

_____
Andrew P. Moore, Esquire
Attorney for Defendant,
AAA Mid-Atlantic Insurance Company of New Jersey
(incorrectly named AAA Mid-Atlantic Insurance Company)
Identification No. 57486
1132 Old York Road
Abington, PA 19001
Ph. 215-885-3500
Fax 215-885-3562
Email: amoore@moore4law.com

Date: 3-17-15

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAD & ELIZABETH STERN** | : | **Civil Action No. 15 960** |
| | : | |
| **vs.** | : | |
| | : | |
| | : | |
| **AAA MID-ATLANTIC INSURANCE** | : | |
| **COMPANY** | : | |
| **and** | : | |
| **CHUB THATCH** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF THE
## MOTION TO DISMISS OF
## DEFENDANT, AAA MID-ATLANTIC INSURANCE COMPANY OF NEW JERSEY
## (INCORRECTLY NAMED AAA MID-ATLANTIC INSURANCE COMPANY)

Defendant, AAA Mid-Atlantic Insurance Company of New Jersey (incorrectly named AAA Mid-Atlantic Insurance Company), by and through its attorneys, Andrew Moore & Associates, LLC, hereby submits the following Memorandum of Law in support of its Motion to Dismiss.

## I. MATTER BEFORE THE COURT

The instant matter before the Court is the Motion to Dismiss Plaintiffs' Complaint of Defendant, AAA Mid-Atlantic Insurance Company of New Jersey (incorrectly named AAA Mid-Atlantic Insurance Company) based upon Rule 12(b)(1) and 12(b)(6).

## II. STATEMENT OF QUESTION PRESENTED

1. Should Plaintiffs' Complaint be dismissed due to lack of subject matter jurisdiction because plaintiffs and moving defendant are citizens of the same state for and, therefore, there is not complete diversity of parties?

   [Suggested Answer: Yes.]

9

2. Should Plaintiffs' Complaint be dismissed for failure to state a claim upon which relief can be granted because it does not allege facts sufficient to support the claimed causes of action of breach of contract and bad faith?

[Suggested Answer: Yes.]

### III. FACTS

Plaintiffs have filed the instant civil action in the Eastern District of Pennsylvania alleging breach of contract and bad faith against AAA Mid-Atlantic Insurance Company of New Jersey (incorrectly named AAA Mid-Atlantic Insurance Company) ("Moving Defendant"). See, Exhibit A. Plaintiffs did not attach a copy of the insurance policy upon which they base their claims. A true and correct copy of Plaintiffs' applicable insurance policy is attached, however, as Exhibit B.

Plaintiffs admit that they are citizens of New Jersey. See, Exhibit A, ¶ 1.

Plaintiffs name Moving Defendant as AAA Mid-Atlantic Insurance Company and allege that it is incorporated in Pennsylvania and has a principal place of business in Philadelphia, Pennsylvania. See, Exhibit A, ¶ 2. However, Moving Defendant's actual name is AAA Mid-Atlantic Insurance Company of New Jersey. Furthermore, AAA Mid-Atlantic Insurance Company of New Jersey is incorporated in New Jersey and has a principal place of business in Wilmington, Delaware.

The only factual averments in Plaintiffs' complaint are paragraphs 1, 2, 3, 4, 7, 8, 9, 14, 15, and portions of paragraphs 12[6] and 13[7]. The remainder of the paragraphs constitute legal conclusions only. Therefore the only factual averments in the complaint are: (1) plaintiffs' identity

---

[6] The portion of paragraph 12 that constitutes a factual averment is: "Defendant AAA provided underinsured coverage for any accident occurring during the policy term." The remainder of that paragraph is a legal conclusion.

[7] The portion of paragraph 13 that constitutes a factual averment is: "claims under the underinsured provision were submitted to arbitration before a panel of three, and the matter was tried on January 30, 2015." The remainder of that paragraph is a legal conclusion.

and citizenship; (2) Moving Defendant's identify and citizenship[8]; (3) Defendant, Thach's identity and citizenship; (4) that Moving Defendant insured Plaintiffs' vehicle; (5) the general facts of the motor vehicle accident giving rise to Plaintiffs' claims against Defendant, Thach, and their underinsured motorist claim with Moving Defendant; (6) that Plaintiffs instituted suit against Defendant, Thach; (7) that the original suit against Defendant, Thach was settled; (8) that Moving Defendant provided Plaintiffs with underinsured motorist coverage for any accident occurring during the policy term; (9) that plaintiffs' claims under the underinsured provisions of the policy were submitted to arbitration on January 30, 2015; (10) the arbitration award was in favor of the Plaintiffs within the limits of their policy; and (11) Moving Defendant, pursuant to, and in accordance with, the terms of the policy, rejected the arbitration award and demanded a jury trial.

Plaintiffs have admitted that the dispute regarding underinsured motorist benefits was submitted to arbitration pursuant to the policy of insurance. See, Exhibit A, ¶ 13. Plaintiffs also admit that Moving Defendant appealed the arbitration award pursuant to, and in accordance with, the provisions of the policy of insurance. See, Exhibit A, ¶ 15.

## IV. LEGAL ARUGMENT

### a. Lack of Subject Matter Jurisdiction

Plaintiffs allege that this Court has jurisdiction under 28 U.S.C. § 1332 (diversity jurisdiction). In this matter, Plaintiffs are individuals, co-Defendant, Thach, is an individual, and Moving Defendant, AAA Mid-Atlantic Insurance Company of New Jersey (incorrectly named AAA Mid-Atlantic Insurance Company) is a corporation. The diversity statute requires complete diversity as to all parties and 'the policy of the statute calls for its strict construction.' Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703 (1934). If any of the defendants are citizens of the same state as the plaintiffs, there is not complete diversity and this court lack subject matter jurisdiction.

---

[8] As noted above, Moving Defendant's correct name is AAA Mid-Atlantic Insurance Company of New Jersey and is incorporated in New Jersey with a principal place of business in Delaware.

Pursuant to 28 U.S.C. § 1332(c), a corporation is deemed a citizen of the state of its incorporation and of its principal place of business. Wymard v. McCloskey & Co., 342 F.2d 495 (3d Cir.), cert. denied, 382 U.S. 823, 86 S.Ct. 52 (1965), and see Boysen v. Treadway Inn of Lake Harmony, Inc., 53 F.R.D. 96 (E.D.Pa.1971), aff'd, 463 F.2d 247 (3d Cir. 1972). In this case, Moving Defendant, AAA Mid-Atlantic Insurance Company of New Jersey (incorrectly named AAA Mid-Atlantic Insurance Company) is incorporated in New Jersey and has a principal place of business in Wilmington, Delaware. See, Exhibits B and C. Therefore, pursuant to 28 U.S.C. § 1332(c), Moving Defendant is a citizen of New Jersey and Delaware.

In Wolgin v. Atlas United Financial Corporation, 397 F.Supp. 1003 (E.D.Pa. 1975), the court dismissed the plaintiffs' complaint when the plaintiffs were citizens of the Commonwealth of Pennsylvania and the defendant corporation was incorporated in Pennsylvania with a principal place of business in Georgia. The court held that the corporation was a citizen of both states for diversity purposes and that its citizenship in Pennsylvania destroyed diversity.

Because the Plaintiffs are citizens of New Jersey, and Moving Defendant is a citizen of New Jersey, there is not complete diversity of citizenship and this Honorable Court lack subject matter jurisdiction. Because this Honorable Court lacks subject matter jurisdiction, Plaintiffs' complaint must be dismissed with prejudice.

**b. Failure to State a Claim Upon Which Relief Can be Granted**

Plaintiffs' Complaint must also be dismissed because it fails to state a claim upon which relief can be granted.

Plaintiffs have asserted claims for breach of contract and bad faith, although they have neither attached a copy of the applicable policy of insurance to their Complaint or citied any provisions alleged to have been breached, nor have they identified the statutory basis of their bad faith claim. Plaintiffs presumably are making a claim for bad faith under Pennsylvania's bad faith

statute, 42 Pa.C.S. § 8371, as they have alleged, wrongly, that Moving Defendant is a Pennsylvania corporation with a principal place of business in Pennsylvania.

To establish a claim of bad faith in Pennsylvania, a plaintiff must demonstrate that the insurer (1) lacked a reasonable basis for denying benefits and (2) knew or recklessly disregarded its lack of a reasonable basis. Atiyeh v. National Fire Ins. Co. of Hartford, 742 F.Supp.2d 591, 598 (E.D.Pa. 2010).

Pursuant to Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) and its progeny, Plaintiffs must allege sufficient facts to state a claim to relief that is plausible on its face. Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007). If a complaint fails to allege sufficient facts, it must be dismissed pursuant to Rule 12(b)(6). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d. Cir.2009), citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d. Cir.2008). "Conclusory" or "bare-bones allegations" will not survive a motion to dismiss. Id. Similarly, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to satisfy the requirement that a complaint has stated a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

In order to determine if a complaint provides enough facts to survive a motion to dismiss, the court is required to conduct a two-part analysis. First the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted. Fowler, 578 F.3d at 210. Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded. Id. at 210-211. Second, the court must determine whether those factual matters

averred are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 211 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

In the instant matter, the only factual averments in Plaintiffs' complaint are paragraphs 1, 2, 3, 4, 7, 8, 9, 14, 15, and portions of paragraphs 12[9] and 13[10]. Paragraphs 5, 6, 10, 11, 16, 18, 19, 20 and portions of paragraphs 12[11] and 13[12], consist exclusively of legal conclusions and cannot be considered in determining whether plaintiffs have satisfied the pleading requirements set forth in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) and its progeny.

The only factual averments in the complaint, therefore are: (1) plaintiffs' identity and citizenship; (2) Moving Defendant's identify and citizenship[13]; (3) Defendant, Thach's identity and citizenship; (4) that Moving Defendant insured Plaintiffs' vehicle; (5) the general facts of the motor vehicle accident giving rise to Plaintiffs' claims against Defendant, Thach, and their underinsured motorist claim with Moving Defendant; (6) that Plaintiffs instituted suit against Defendant, Thach; (7) that the original suit against Defendant, Thach was settled; (8) that Moving Defendant provided Plaintiffs with underinsured motorist coverage for any accident occurring during the policy term; (9) that plaintiffs' claims under the underinsured provisions of the policy were submitted to arbitration on January 30, 2015; (10) the arbitration award was in favor of the Plaintiffs within the limits of their policy; and (11) Moving Defendant, pursuant to, and in accordance with, the terms of the policy, rejected the arbitration award and demanded a jury trial.

---

[9] The portion of paragraph 12 that constitutes a factual averment is: "Defendant AAA provided underinsured coverage for any accident occurring during the policy term." The remainder of that paragraph is a legal conclusion.

[10] The portion of paragraph 13 that constitutes a factual averment is: "claims under the underinsured provision were submitted to arbitration before a panel of three, and the matter was tried on January 30, 2015." The remainder of that paragraph is a legal conclusion.

[11] The portion of paragraph 12 that constitutes a legal conclusion is: "[Defendant AAA] is contractually responsible under said provisions to cover any losses in excess of the coverage limits of the primary carrier which insured Defendant-Driver."

[12] The portion of paragraph 13 that constitutes a legal conclusion is: "pursuant to the policy."

[13] As noted above, Moving Defendant's correct name is AAA Mid-Atlantic Insurance Company of New Jersey and is incorporated in New Jersey with a principal place of business in Delaware.

Bare allegations that a defendant (1) unreasonably refused to indemnify plaintiff for his loss; (2) breached its duty of good faith and fair dealing by: (a) failing to conduct a reasonable investigation, (b) denying benefits to plaintiff without a reasonable basis, (c) knowingly or recklessly disregarding the lack of a reasonable basis to deny plaintiff's claim, or (d) asserting policy defenses without a reasonable basis constitute merely conclusory legal statements and are not factual averments. Fowler, 578 F.3d at 210 (3d. Cir.2009).

The factual averments contained within Plaintiffs' complaint, therefore, fail to sufficiently allege a breach of contract or bad faith on the part of Moving Defendant. Because the factual averments fail to sufficiently allege a breach of contract or bad faith on the part of Moving Defendant, they cannot support claims for breach of contract and/or bad faith and Plaintiffs' complaint must be dismissed pursuant to Rule 12(b)(6).

## V. CONCLUSION

For the foregoing reasons, and for those reasons set forth in Moving Defendant's Motion to Dismiss, Defendant, AAA Mid-Atlantic Insurance Company of New Jersey (incorrectly named AAA Mid-Atlantic Insurance Company) respectfully requests this Honorable Court enter an Order in the form proposed dismissing Plaintiffs' complaint with prejudice.

Respectfully submitted,

**ANDREW MOORE & ASSOCIATES, LLC**

_____
Andrew P. Moore, Esquire
Attorney for Defendant,
AAA Mid-Atlantic Insurance Company of New Jersey
(incorrectly named AAA Mid-Atlantic Insurance Company)
Identification No. 57486
1132 Old York Road
Abington, PA 19001
Ph. 215-885-3500
Fax 215-885-3562
Email: amoore@moore4law.com

Date: 3-17-15

15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TAD & ELIZABETH STERN : Civil Action No. 15 960
:
     vs. :
:
AAA MID-ATLANTIC INSURANCE :
COMPANY :
     and :
CHUB THATCH :

## CERTIFICATION OF SERVICE

I, Andrew P. Moore, Esquire, certify that a true and correct copy of the foregoing Motion to

Dismiss was served on _____3-17-15_____ via electronic court notification, and U.S. Regular Mail,

upon the following counsel:

Norman Perlberger, Esquire
Perlberger Law Associates, P.C.
Two Bala Plaza, Suite 300
Bala Cynwyd, PA 19004

**ANDREW MOORE & ASSOCIATES, LLC**

_____

Andrew P. Moore, Esquire
AAA Mid-Atlantic Insurance Company of New Jersey
(incorrectly named AAA Mid-Atlantic Insurance Company)
Identification No. 57486
1132 Old York Road
Abington, PA 19001
Ph. 215-885-3500
Fax 215-885-3562
Email: amoore@moore4law.com